**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

ATT HOLDING, LLC,

        Plaintiff,

v.                              CIVIL ACTION NO. 3:26-0382

HARTFORD UNDERWRITERS
INSURANCE COMPANY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Hartford Underwriters Insurance Company's Motion to Dismiss Plaintiff's Complaint (ECF No. 6, Def.'s Mot.). For the reasons stated below, the Court **GRANTS** the Motion **in part** and **DENIES** the Motion **in part**.

**BACKGROUND**

For the purpose of ruling on Defendant's Motion, the Court accepts the following facts as true. Plaintiff ATT Holding, LLC purchased an insurance policy from Defendant "covering Plaintiff's commercial buildings in" Nitro, West Virginia. ECF No 1, Ex. 1, Compl. ¶ 3. The policy "provides coverage for direct physical loss . . . or damage to . . . [r]oofs of Plaintiff's buildings." *Id.* ¶ 9.

After wind and hail damaged "the roofs of all of . . . Plaintiff's buildings," Plaintiff submitted an insurance claim to Defendant for the damage. *Id.* ¶ 7; *see id.* ¶ 5–6. Months later, Defendant "denied a substantial portion of Plaintiff's claim without explanation." *Id.* ¶ 8. When prompted, Defendant "claimed 'information' it obtained indicate[d] 'not all of the roof coverings were damaged.'" *Id.* Defendant also "denied Plaintiff had direct physical loss or damage to

multiple buildings . . . ." *Id.* ¶ 11. Defendant did not "referenc[e] particular policy provisions" when it explained the partial denial of Plaintiff's claim. *Id.* ¶ 8.

Plaintiff sued, alleging Defendant breached its insurance contract, committed common-law bad faith, violated West Virginia legislative rules,[1] and violated the West Virginia Unfair Trade Practices Act (UTPA). *See id.* ¶¶ 13–16. Plaintiff requests both compensatory and punitive damages. *See id.* at 5.

On June 10, 2026, Defendant filed an Answer to Plaintiff's Complaint. *See* ECF No. 5. On June 23, 2026, it filed its Motion to Dismiss. *See* Def.'s Mot. The Motion argues Plaintiff's Complaint lacks sufficient factual allegations. *See* ECF No. 7, at 13–14. It also argues Plaintiff's request for punitive damages should be dismissed. *See id.* at 12–13.

## LEGAL STANDARD

While Defendant styles its Motion as a motion to dismiss, the Court must construe it as a motion for judgment on the pleadings since it was filed after Defendant filed its answer. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *see also* Fed. R. Civ. P. 12(b) ("A motion asserting [the failure to state a claim] must be made before pleading if a responsive pleading is allowed.").

"A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). To survive a 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the

---

[1] Specifically, the Complaint alleges Defendant violated "111 C.S.R. 14.5.3" and "114 C.S.R. 14.61 . . . ." Compl. ¶ 16.a, f. The Court suspects "111 C.S.R. 14.5.3" was meant to refer to C.S.R. § 114-14-5.3. and that "114 C.S.R. 14.61" was meant to refer to C.S.R. § 114-14-6.6.a.

speculative level . . . ." *Id.* at 555. While the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted) (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)).

## ANALYSIS

### A. Plaintiff States a Breach of Contract Claim

The Complaint alleges Plaintiff's contract with Defendant required Defendant to compensate Plaintiff for damage to the roofs of Plaintiff's buildings. It further alleges Defendant partially denied Plaintiff's claim for roof damage. Accordingly, Plaintiff has pleaded a breach-of-contract claim.

Defendant argues the breach-of-contract claim should be dismissed because "Plaintiff's Complaint does not directly allege that Defendant's alleged reason for denial"—that not all of Plaintiff's roofs were damaged—"is untrue . . . ." ECF No. 11, at 2. Defendant is wrong. The Complaint *does* allege that all of Plaintiff's roofs were damaged. *See* Compl. ¶ 7.

### B. Plaintiff States UTPA and Common Law Bad Faith Claims

Plaintiff has alleged three violations of C.S.R. § 114-14-5.3 and W. Va. Code § 33-11-4(9). *First,* Plaintiff claims Defendant took "months" to respond to Plaintiff's insurance claim. C.S.R. § 114-14-5.3 requires insurers to reply to "pertinent communications from a claimant which reasonably suggest that a response is expected" within fifteen "working days of receipt," and W. Va. Code § 33-11-4(9)(b) requires insures to "acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies . . . ." W. Va. Code § 33-11-4(9)(c), meanwhile, requires insurers to "adopt and implement reasonable standards for the

prompt investigation of claims arising under insurance policies . . . ." The Court can infer, from Defendant taking "months" to respond to Plaintiff's claim, that Defendant lacks such standards.

*Second*, Plaintiff alleges Defendant partially denied Plaintiff's claim "without referencing particular policy provisions." This plausibly violates § 33-11-4(9)(n)'s prohibition on insurers "[f]ailing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim . . . ."

*Third*, Plaintiff claims Defendant falsely "denied Plaintiff had direct physical loss or damage to multiple buildings." Defendant's allegedly false impression about the damage allows the Court to infer Defendant lacks "reasonable standards for the prompt investigation of claims" and failed to "conduct[] a reasonable investigation" of Plaintiff's claim "based upon all available information . . . ." W. Va. Code § 33-11-4(9)(c)–(d).

To state a UTPA claim, a plaintiff must allege that the UTPA violations arose "from a habit, custom, usage, or business policy of the insurer" such that "the practice or practices are sufficiently pervasive or sufficiently sanctioned by the insurance company that the conduct can be considered a 'general business practice . . . .'" Syl. pt. 2, *Mills v. Watkins*, 582 S.E.2d 877 (W. Va. 2003). Since C.S.R. § 114-14 does not "create[] or recognize[] . . . any new or different cause of action not otherwise recognized by law," C.S.R. § 114-14-1.1.e, this requirement also applies to Plaintiff's legislative-rule claims.

As Plaintiff points out, "separate, discrete acts or omissions, each of which constitute violations of different subparagraphs of W.Va. Code § 33-11-4(9), may . . . demonstrate a 'general business practice' in the handling of a single claim." ECF No. 9, at 3–4 (quoting *Dodrill v. Nationwide Mut. Ins. Co.*, 491 S.E.2d 1, 12–13 (W. Va. 1997)). By alleging three different acts or omissions by Defendant, which collectively may have violated four different subparagraphs of §

33-11-4(9), Plaintiff has stated a UTPA claim. *See Abraham Linc Corp. v. Spinnaker Ins. Co.*, Civ. A. No. 1:23-CV-98, 2024 WL 3433661, at *8 (N.D. W. Va. July 16, 2024).

In addition, these allegations, when taken together, plausibly suggest Defendant violated its common-law duty to act in good faith.

### C. Plaintiff Fails to State a Claim for Punitive Damages

Under West Virginia law:

> An award of punitive damages may only occur in a civil action against a defendant if a plaintiff establishes by clear and convincing evidence that the damages suffered were the result of the conduct that was carried out by the defendant with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others.

W. Va. Code § 55-7-29(a). Here, there are no non-conclusory allegations in the Complaint suggesting Defendant acted with malice towards Plaintiff or with a conscious, reckless and outrageous indifference to health, safety, and welfare. The Court will dismiss Plaintiff's request for punitive damages.

### CONCLUSION

The Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 6). The Court **DISMISSES** Plaintiff's request for punitive damages **without prejudice**.

ENTER:        July 16, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-5-